UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVETTE JODY STARK,

                    Plaintiff,

          -against-

NEW YORK COUNTY COURT,

                    Defendant.

20-CV-10476 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

          Plaintiff Evette Jody Stark, appearing *pro se* action and having paid the filing fees, brings

this action invoking the Court's federal jurisdiction under 28 U.S.C. § 1331. She asserts that

state-court employees and others have violated her rights in divorce proceedings in the New

York County Supreme Court. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

          The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants

Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon

Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474

(2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff, in a relatively short amount of time, has filed three complaints and several supplemental affidavits in this action. The pleadings are not a model of clarity, providing different assertions concerning different events. But it is clear that Plaintiff is asserting claims arising from her state-court divorce proceedings. The Court therefore treats the three complaints and supplemental submissions (ECF Nos. 1-6) together as the operative pleading for this action.

Plaintiff, using the Court's general complaint form, filed her initial complaint against the "New York County Court" and Cyrus Vance, Jr., the District Attorney for New York County. (ECF No. 1) She asserts that for over 10 years, county and court employees have violated her rights in divorce proceedings presided over by Justice Matthew Cooper in the New York County Supreme Court. Plaintiff, citing the Constitution and various civil and criminal statues, claims theft of her monies and fraud. She seeks injunctive relief – including prosecution of county employees, disbarment of attorneys, and an accounting of financial matters – and monetary compensation.

Ten days later, on December 29, 2020, Plaintiff filed a document titled "Affidavit of Truth" captioned for the New York County Supreme Court. (ECF No. 2.) In the affidavit, she alleges that for the past 11 years she has been embroiled in a state-court case in which she has been deprived of her constitutional rights. Plaintiff claims that she is being extorted out of her home during a global pandemic, and refers to a court proceeding scheduled for January 6, 2021, and states that she does not consent to a guardian. She also asserts that for last two months, she has been interviewed and filmed speaking in support of the "stop the lock-down" movement in New York and Washington D.C., and that she does not need a guardian. (*Id*. at 1.) Plaintiff also attaches to the affidavit two letters from Mount Sinai Hospital stating that she was hospitalized in November 2020, and that she is under medical care for an injury to her index finger.

Several days later, on January 4, 2021, Plaintiff filed an amended complaint naming the New York County Court as the sole defendant. The amended complaint consists of the first page of the Court's general complaint form, a copy of the same affidavit she previously filed on December 29, 2020, and several papers titled "VOID JUDGMENT," which she appeared to have filed in the divorce proceedings. In the new documents, Plaintiff challenges the state-court's jurisdiction and seeks to void all judgments on multiple grounds, particularly because Justice Cooper is "masquerading" as a judge when he is merely a clerk. (*Id*. at 3.)

On the same day she filed the amended complaint, Plaintiff also submitted to the Court a supplemental affidavit in which she again asserts that Justice Cooper and others are violating her rights in the state-court proceedings and she requests that they "cease and desist" their conduct. (ECF No. 4.) Plaintiff claims that although she suffers from diabetes, a traumatic brain injury, and other ailments, that she is being forcibly evicted from her house through intimidation. She asserts that the actions being taken against her constitute witness tampering in violation of 18 U.S.C. § 1512. Plaintiff also attaches to the document the original complaint that she filed in this action, and a supplemental affidavit submitted to the state-court by Richard Katz – Plaintiff's former husband and the petitioner in the state-court action – in which he requested the appointment of a guardian *ad litem* for Plaintiff and her removal from a house so that it could be sold.

A week later, on January 12, 2021, Plaintiff submitted to the Court a second amended complaint. (ECF No. 5.) In that filing, she attaches to the first-page of the general complaint form, a statement in which she asserts that she was forced to take social security benefits early, at the age of 62, because of the "crushing financial abuse inflicted on her" in the state-court action. (*Id*. at 2.) Plaintiff further claims that she has been denied relief by federal district and magistrate

judges, and that an unnamed guardian has bullied and harassed her despite her filings of "multiple cease and desists." (*Id.*) Plaintiff asserts that her constitutional rights and the public trust has been violated. In support of her claims, she also attaches to the second amended complaint several documents that she filed in the state-court matter and an 83-page law review article about the public trust.

On January 21, 2021, Plaintiff submitted to the Court another "Affidavit in Truth," in which she claims that Justice Cooper and others have exhibited a "pattern of abuse" and refers to her requests in prior filings for a "cease and desist with law." (ECF No. 6, at 1.) Plaintiff further chronicles her efforts to obtain a remedy and restitution, which included subpoenaing the District Attorney of New York County and the Attorney General of New York "to validate and authenticate" her claims; contacting members of congress and judicial committees concerning her grievances; and seeking relief in New York appellate courts. (*Id.* at 2.) Plaintiff believes that the state-court proceedings have been pending two long – taking over 11 years when it should have been dealt with in two – and reiterates her assertions of abuses, harassment, and violations. Plaintiff attaches to the affidavit various state-court filings and copies of communications she has sent to individuals and entities.

Three days after filing her latest affidavit, on January 22, 2021, Plaintiff submitted a motion to the Court requesting that the defendant in this action be changed from New York County Court to New York County. (ECF No. 7.) She asserts that she has sent copies of her filings to Cyrus Vance because he is listed as the District Attorney for New York County, but because she is not an attorney, she is not sure that her actions were correct. Plaintiff states that she is essentially seeking to hold those who violated her rights in the state-court proceedings accountable for their actions.

**DISCUSSION**

Plaintiff's assertions taken together amount to claims that Justice Cooper and others violated her rights in the state-court divorce proceedings, and she seeks to hold either the New York County Supreme Court or New York County accountable.[1] Plaintiff's claims are therefore construed as being brought under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.      Claims against New York County Supreme Court Dismissed**

Plaintiff's § 1983 claims against New York County Supreme Court must be dismissed. Section 1983 protects against deprivations of one's federally protected rights by any "person" acting under color of state law. 42 U.S.C. § 1983. A court is not a "person" within the meaning of § 1983. *Zuckerman v. Appellate Div., Second Dep't, Sup.Ct. of State of N. Y.,* 421 F.2d 625, 626 (2d Cir. 1970). Therefore the New York County Supreme Court, cannot be sued under § 1983. Further, as the state court is also part of the New York State Unified Court System, which is an agency of the State of New York, it is also immune from suit under the Eleventh Amendment. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (holding that the New York

---

[1] Plaintiff previously filed two complaints alleging that Justice Cooper violated her rights and denied her disability-based accommodation in the divorce proceedings. *See Stark v. Cooper*, ECF 1:19-CV-7439, 6 (S.D.N.Y. Sept. 24, 2019) (*Stark*); *Stark-Katz v. Cooper*, ECF 1:18-CV-0120, 1 (S.D.N.Y. Feb. 16, 2019) (*Stark-Katz*). Plaintiff withdrew *Stark-Katz, see* ECF 1:18-CV-0120, 9, and the Court dismissed *Stark* because Justice Cooper is entitled to absolute immunity for his actions, *see* ECF 1:19-CV-7439, 6.

State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity"); *Goldberg v. Roth,* No. 99-CV-11591, 2001 WL 1622201, at *4 (S.D.N.Y. Dec. 17, 2001) (citations omitted) (holding that New York courts are immune from suit under the Eleventh Amendment). To the extent Plaintiff brings this action seeking to hold the New York County Supreme Court liable for actions taken by Justice Cooper or others within her divorce proceedings, her claims are dismissed for failure to state a claim on which relief may be granted, as barred under the Eleventh Amendment, and as frivolous. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) ("a complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'").

**B.    Motion to Substitute New York County as the Defendant Denied**

The Court also denies Plaintiff's motion (ECF No. 7) in which she seeks to name New York County as the sole defendant and to hold it liable for the alleged violations. New York County is coterminous with Manhattan, one of the five boroughs of the City of New York, and is part of the City of New York. Therefore, any claims Plaintiff seeks to bring against New York County would have to be construed as claims against the City of New York. *See, e.g.*, N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

Plaintiff fails to allege a claim against the City of New York. Her pleadings do not concern any actions taken by the City's employees or agents, much less a showing that the municipality itself caused the violation of her rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the

governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). Plaintiff alleges that her rights were violated in divorce proceedings in the New York County Supreme Court, which does not appear to have anything to do with the City of New York or its counties. Because Plaintiff does not allege that a policy, custom, or practice of the City of New York caused a deprivation of her federally protected rights, she fails to state a claim against the City of New York on which relief may be granted, an no purpose would be served by granting her request to bring claims against New York County. The Court therefore denies Plaintiff's request to substitute New York County as the sole defendant for this action.

**C.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione,* 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's pleadings and submissions cannot be cured with another amendment, the Court declines to grant Plaintiff leave to submit a third amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court treats the three complaints and supplemental submissions (ECF Nos. 1-6) together as the operative pleading for this action.

The Court further dismisses this action for failure to state a claim on which relief may be granted, as barred under the Eleventh Amendment, and as frivolous. The Court also denies Plaintiff's motion (ECF No. 7) to substitute New York County as the sole defendant for this action. All other pending matters in this case are terminated.

SO ORDERED.

Dated:   February 9, 2021
        New York, New York

_____
          Louis L. Stanton
          U.S.D.J.